IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00918-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

MICHAEL GARCIA,

    Applicant,

v.

STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

    Applicant, Michael Garcia, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado.  Mr. Garcia has submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

    As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted documents are deficient as described in this Order.  Mr. Garcia will be directed to cure the following if he wishes to pursue his claims.  Any papers that Mr. Garcia files in response to this Order must include the civil action number on this Order.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Garcia go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Mr. Garcia must allege **on the Court-approved form** both the claims he seeks to raise and the specific facts to support each asserted claim. The Court has reviewed the Application submitted to the Court on March 31, 2014, and finds that it is deficient. Mr. Garcia fails to assert on Pages Two through Four a statement of the claims he intends to raise in this Court.

Applicant also is instructed that pursuant to 28 U.S.C. § 2243 an application for writ of habeas corpus is directed to the person who has custody of the detained person. Therefore, Applicant is directed to name as Respondent the custodian of the facility where he is incarcerated.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1) __  is not submitted
(2) __  is missing affidavit
(3) __  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) _X_ is missing certificate showing current balance in prison account
(5) __  is missing required financial information
(6) __  is missing an original signature by the prisoner
(7) __  is not on proper form (must use the court's current form)
(8) __  names in caption do not match names in caption of complaint, petition or habeas application
(9) __  An original and a copy have not been received by the court. Only an original has been received.
(10) __ other:

**Complaint, Petition or Application**:
(11) __  is not submitted
(12) __  is not on proper form (must use the court's current form)

(13) ___   is missing an original signature by the prisoner
(14) ___   is missing page nos. ___
(15) ___   uses et al. instead of listing all parties in caption
(16) ___   An original and a copy have not been received by the court.  Only an original has been received.
(17) ___   Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) ___   names in caption do not match names in text
(19)  X   other: Court-approved habeas form must include statement of claims on Pages Two through Four and name proper Respondent

Accordingly, it is

ORDERED that Mr. Garcia cure the deficiencies designated above **within thirty days from the date of this Order**.  Any papers that Mr. Garcia files in response to this Order must include the civil action number on this Order.  It is

FURTHER ORDERED that Mr. Garcia shall obtain the Court-approved form used in filing a 28 U.S.C. § 2254 action, (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov to use in submitting a proper § 2254 application.  It is

FURTHER ORDERED that, if Mr. Garcia fails to cure the designated deficiencies **within thirty days from the date of this Order**, the action will be dismissed without further notice.

DATED April 1, 2014, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge