IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00918-BNB

MICHAEL GARCIA,

    Applicant,

v.

TRAVIS TRANI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Michael Garcia, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Application was deficient because Applicant failed to identify any claims on the form. Applicant filed a second Application on April 25, 2014, and stated a claim and supporting facts, but he failed to sign and date the Application. The Court directed Applicant to submit a third Application, which he did on May 16, 2014. The Court then granted Applicant leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the Application that Applicant submitted on May 16, 2014, and finds again that the Application is deficient. Applicant signed and dated the third Application, but he failed to state supporting facts for the two claims that he identified. Applicant titles his claims as "Adamatic Realice" and "Readuction" and has written "not sure" as the supporting facts for each claim.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Castillo go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Applicant must identify the constitutional violation in each claim he seeks to raise and state the specific facts to support the alleged violation.

The Amended Application also does not comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Although Applicant has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file an

Amended Application.

The Court, therefore, will direct Applicant to file an Amended Application that complies with the pleading requirements of Rule 8 and that identifies the constitutional violation in each claim he seeks to raise and states the specific facts to support the alleged violation. Applicant must present his claims in a manageable format that allows the Court and Respondents to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Applicant shall file an Amended Application that complies with this Order. It is

FURTHER ORDERED that Applicant shall obtain the Court-approved 28 U.S.C. § 2254 Application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Applicant fails within the time allowed to file an Amended Application as directed, the action will be dismissed without further notice.

DATED May 30, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge