IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00918-BNB

MICHAEL GARCIA,

    Applicant,

v.

TRAVIS TRANI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Michael Garcia, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Magistrate Judge Boyd N. Boland reviewed the Application, determined that it was deficient, and directed Applicant to file a second Application that identified his claims on the application form. On April 25, 2014, Applicant filed a second Application but failed to sign and date the Application. Magistrate Judge Boland then directed Applicant to file a third Application, which he did on May 16, 2014.

    Upon review of the third Application, Magistrate Judge Boland found that Applicant failed to state the supporting facts for the two claims he identified. Applicant titled the claims "Adamatic Realice" and "Readuction." Applicant wrote "not sure" as the supporting facts for each claim. Finding the third Application did not comply with Fed.

R. Civ. P. 8, Magistrate Judge Boland directed Applicant to amend the Application and state in each claim the constitutional violation he seeks to raise and the specific facts to support each alleged violation. Applicant also was directed to present his claims in a manageable format that allows the Court and Respondents to know what claims are being asserted and to be able to respond to those claims.

On June 25, 2014, Applicant submitted his claims on a Court-approved form used in filing 28 U.S.C. § 2255 motions. Despite Applicant's failure to file his claims on a proper Court-approved form, Magistrate Judge Boland found the one claim stated on the § 2255 form was sufficiently stated so that Respondents could address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed a Response on July 29, 2014. Applicant did not reply to the Response, but did file a Letter on July 21, 2014, in which he addresses why he should be granted a sentence reduction.

The Court must construe the Application liberally because Applicant is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." See *Hall*, 935 F.2d at 1110.

Following a jury trial, Applicant was found guilty of possession with intent to distribute a schedule II controlled substance and possession of more than one gram of a schedule II controlled substance, Pre-Answer Resp., ECF No. 22-3, Ex. C at 2. After the jury convicted, the trial court found Applicant guilty of two habitual criminal counts and sentenced him to forty-eight years in prison, *id.*, ECF No. 22-1, Ex. A at 3-4 and ECF No. 22-3, Ex. C at 2. The Colorado Court of Appeals (CCA) affirmed the conviction, *id.*, at Ex. C at 5, and the Colorado Supreme Court (CSC) denied certiorari

review on July 15, 2013, *id.*, ECF No. 22-5, Ex. E.  On July 24, 2013, Applicant filed a Colo. R. Crim. P. 35(c) postconviction motion, Ex. A at 7; the court appointed counsel; and the motion remains pending, Ex. A at 6-7

Applicant asserts his sentence is illegal because he received two enhancements on the same sentence.

Respondents concede that the action is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1), but they argue that Applicant failed to raise his claim on direct appeal and now has a Rule 35(c) postconviction motion pending, in which he could have raised the claim.  Respondents conclude that the Application should be denied as unexhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. People*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal

3

quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Applicant states consistently in each of the four pleadings he has filed in this action that he has a Rule 35(c) postconviction motion pending in state court. *See* Applications and Mot. Vacate, ECF Nos. 1 at 4, 5 at 4, 11 at 4, and 16 at 3. Applicant also claims he has raised a sentence reduction claim in his postconviction motion that is pending in state court. *Id.* The Court, therefore, will dismiss this action for failure to exhaust state court remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  5th  day of    September          , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court